1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11   DEVONTE BERNARD HARRIS,              CASE NO. 1:15-cv-01629- MJS (PC)

12              Plaintiff,               **ORDER DISMISSING COMPLAINT**

13        v.                            **(ECF NO. 1)**

14   I. VELO-LOPEZ, et al.,              **AMENDED COMPLAINT DUE WITHIN
                                         THIRTY (30) DAYS**
15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

18   rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate

19   Judge jurisdiction. (ECF No. 7.) His complaint is before the Court for screening.

20   **I.     SCREENING REQUIREMENT**

21         The in forma pauperis statute provides, "Notwithstanding any filing fee, or any

22   portion thereof, that may have been paid, the court shall dismiss the case at any time if

23   the court determines that . . . the action or appeal . . . fails to state a claim upon which

24   relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

25   **II.    PLEADING STANDARD**

26         Section 1983 "provides a cause of action for the deprivation of any rights,

27   privileges, or immunities secured by the Constitution and laws of the United States."

28

1

1   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

2   Section 1983 is not itself a source of substantive rights, but merely provides a method for

3   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

4   (1989).

5          To state a claim under § 1983, a plaintiff must allege two essential elements:

6   (1) that a right secured by the Constitution or laws of the United States was violated and

7   (2) that the alleged violation was committed by a person acting under the color of state

8   law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

9   1243, 1245 (9th Cir. 1987).

10         A complaint must contain "a short and plain statement of the claim showing that

11  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

12  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

13  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

14  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

15  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

16  that is plausible on its face." Id. Facial plausibility demands more than the mere

17  possibility that a defendant committed misconduct and, while factual allegations are

18  accepted as true, legal conclusions are not. Id. at 677-78.

19  **III.    PLAINTIFF'S ALLEGATIONS**

20         The acts giving rise to this action occurred while Plaintiff was housed at California

21  State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff names as Defendants

22  "Principal" B. Van Klaveran, Senior Librarian R. Rosenthal, Correctional Officer I. Velo-

23  Lopez, Library Technician Assistant J. Guzman, R. Moser, Lieutenant and F. Martinez.

24         Plaintiff's allegations can be fairly summarized as follows:

25         On January 21, 2011, Defendant Velo-Lopez falsely charged Plaintiff with an

26  infraction that occurred in the law library. As a result, Plaintiff was denied physical

27

28

1  access to the law library for thirty days pursuant to California Department of Corrections

2  and Rehabilitation ("CDCR") regulations.

3          On February 25, 2011, Plaintiff was granted Priority Legal User ("PLU") status,

4  allowing him to physically access the law library once a week for 4 hours. Defendant

5  Library Technician Assistant Guzman, however, would only allow Plaintiff paying

6  services in light of CDCR regulations that suspend an inmate from accessing the law

7  library for 90 days if found guilty of a disciplinary offense. This was in error because

8  Plaintiff had not yet had a hearing on the disciplinary charge.

9          Between February 28, 2011, and April 25, 2011, Plaintiff sought relief from

10  Guzman's refusal to provide Plaintiff with law library access. Defendants Borges,

11  Martinez, Rosenthal, Van Klaveran, and Moser were involved in investigating and/or

12  denying Plaintiff's appeal.

13          As a result of being denied access to the law library, Plaintiff's appeal in <u>Harris v.</u>

14  <u>Gardner</u>, 10-cv-1076,[1] was rejected as untimely since it was filed beyond the statute of

15  limitations. This appeal would have been successful had it been heard on the merits.

16  **IV.**  **ANALYSIS**

17         **A.**  **Access to Courts**

18          Prisoners have a constitutional right to meaningful access to the courts. <u>Silva v.</u>

19  <u>DiVittorio</u>, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts

20  protects prisoners' right to file civil actions that have "a reasonable basis in law or fact"

21  without "active interference" by the government. <u>Id.</u> at 1102-03 (internal quotation marks

22  and emphasis omitted). The right of access to the courts "does not require prison

23  officials to provide affirmative assistance in the preparation of legal papers," but does

24  prohibit states from "erecting barriers that impede the right of access of incarcerated

25  persons," such as by depriving prisoners of the "tools necessary to challenge their

26

27  [1] It is not clear from the complaint what type of case this was, where it was filed, the nature of Plaintiff's appeal, when the appeal was due, when it was actually filed, and when he received notice that his appeal

28  was untimely.

1    sentences or conditions of confinement." Id. at 1102-03 (internal brackets and quotation

2    marks omitted). Therefore, the Supreme Court has held that prison authorities must

3    provide prisoners with "adequate law libraries" to enable them to pursue their claims.

4    Bounds v. Smith, 430 U.S. 817, 828 (1977).

5         However, prisoners do not have a "freestanding right" to a law library. Hebbe v.

6    Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Law library access is relevant only as it pertains

7    to a prisoner's right to have a "reasonably adequate opportunity to present claimed

8    violations of constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351

9    (1996). In addition, prisoners are not guaranteed unlimited law library access. Johnson v.

10   Moore, 948 F.2d 517, 521 (9th Cir. 1991). Prisoners are subject to reasonable and

11   necessary prison regulations regarding the time, manner and place in which library

12   resources are used. Id. (citing Lindquist v. Idaho, 776 F.2d 851, 858 (9th Cir. 1985)).

13        To state a claim for denial of access to the courts, prisoners must allege an actual

14   injury, i.e., that some official action has frustrated or is impeding plaintiff's attempt to

15   bring a nonfrivolous legal claim. Nevada Dept. of Corrections v. Greene, 648 F.3d 1014,

16   1018 (9th Cir. 2011). Specifically, in a "backward-looking" access to the courts action,[2] a

17   plaintiff must describe (1) a nonfrivolous underlying claim that was allegedly

18   compromised "to show that the 'arguable' nature of the claim is more than hope"; (2) the

19   official acts that frustrated the litigation of that underlying claim; and (3) a "remedy

20   available under the access claim and presently unique to it" that could not be awarded

21   by bringing a separate action on an existing claim. Christopher v. Harbury, 536 U.S. 403,

22   416 (2002).

23        Plaintiff's allegations are too cursory for the Court to determine whether he has

24   stated a viable access to courts claim. Although Plaintiff contends that he missed a filing

25

26   [2] The Supreme Court distinguishes between "forward-looking" access to the courts claims, in which the
     plaintiff alleges that official action is frustrating plaintiff's ability to prepare and file a suit at the present
     time, and "backward-looking" claims, in which plaintiff alleges that due to official action, a specific case

27   cannot now be tried, or be tried with all material evidence. In a backward-looking claim, plaintiff must
     allege facts showing that the official action resulted in the "loss of an opportunity to sue" or the "loss or

28   inadequate settlement of a meritorious case." Harbury, 536 U.S. at 413-14.

4

1    deadline, this, by itself, is not enough to state an access to the courts claim. Plaintiff

2    must identify his underlying claim and show that it arguably had some merit. See Flagg

3    v. City of Detroit, 715 F.3d 165, 178-79 (6th Cir. 2013) (plaintiff is not required to prove

4    he would have won underlying claim but for government obstruction, but must show that

5    the claim was at least arguably meritorious and not frivolous); Brewster v. Dretke, 587

6    F.3d 764, 769 (5th Cir. 2009) (failure to identify issue that plaintiff would have presented

7    to the court was fatal to his access to the courts claim); Barbour v. Haley, 471 F.3d 1222,

8    1226 (11th Cir. 2006) (plaintiff alleging denial of access to the courts must "identify within

9    his complaint [ ] a 'nonfrivolous,' 'arguable' underlying claim") (quoting Harbury, 536 U.S.

10   at 415). A plaintiff must also show how the defendant caused the deadline to be missed.

11   See Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994) (no actual injury where plaintiff

12   requested library resources after filing deadline had lapsed on one claim and did not

13   show how denial of access to resources for 57 days out of 365 caused plaintiff's failure

14   to file the other claim); Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007) (affirming

15   dismissal where the complaint did not explain how the prison's refusal to provide certain

16   resources caused the plaintiff to miss his filing deadline); Hayes v. Woodford, 444 F.

17   Supp. 2d 1127, 1134-35 (S.D. Cal. 2006) (no access to the courts claim where plaintiff

18   did not explain how insufficient resources actually affected filing). Without any

19   information as to the nature of his underlying claim, the Court cannot analyze whether it

20   had merit and whether Defendants' conduct indeed frustrated Plaintiff's pursuit of that

21   claim.

22          **B.     Falsified Disciplinary Charges**

23          Insofar as Plaintiff asserts a due process claim against any Defendant for

24   falsifying disciplinary charges, he fails to state a claim. Buckley v. Gomez, 36 F. Supp.

25   2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from

26   wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir.

27   1999); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner's claims based

28

5

1    on allegedly false charges do not state a constitutional claim); Brown v. CMC, (C.D. Cal.

2    May 18, 2010) ("allegations of a fabricated RVR, alone, do not support a cognizable due

3    process claim").

4    **C.    Statute of Limitations**

5    Lastly, it appears that Plaintiff's complaint is untimely. "For actions under 42

6    U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury

7    actions, along with the forum state's law regarding tolling, including equitable tolling,

8    except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas,

9    393 F.3d 918, 927 (9th Cir. 2004). As applied to prisoners, the limitation period for

10   bringing an action under California law is four years. See Cal. Civ. Proc. Code §§ 335.1,

11   352.1(a) (providing a two-year statute of limitations for personal injury claims, which may

12   be tolled for an additional two years for prisoners). Defendant Guzman denied Plaintiff

13   access to the law library on February 28, 2011, and the remaining Defendants'

14   participation in Plaintiff's appeal of that denial ended on April 25, 2011. Plaintiff's

15   October 26, 2015 complaint is well beyond the four year time period.

16   While Plaintiff's litigation history during the period at issue[3] reflects he had the

17   capacity to protect against statute of limitation expiration, the Court cannot and will not

18   rule out the existence of some facts sufficient to warrant tolling of the statute.

19   Accordingly, dismissal will be with leave to amend. In amending his complaint, Plaintiff

20   must allege facts sufficient to establish equitable tolling of the limitations period, that is,

21   to show that he was unable to bring his action within the limitations period due to factors

22   beyond his control.

23   **V.    CONCLUSION AND ORDER**

24   Plaintiff's complaint does not state a claim for relief. The Court will grant Plaintiff

25   an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49

26   (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts

27

---

[3] Plaintiff's complaint includes reference to 12 lawsuits filed by him since 2008, 5 of which were filed in or
28   after 2011. See Compl. at 1-9.

1    resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

2    must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

3    Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate

4    that each named Defendant personally participated in a deprivation of his rights. Jones

5    v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

6            Plaintiff should note that although he has been given the opportunity to amend, it

7    is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

8    Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on

9    curing the deficiencies set forth above.

10           Finally, Plaintiff is advised that Local Rule 220 requires that an amended

11   complaint be complete in itself without reference to any prior pleading. As a general rule,

12   an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

13   55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

14   longer serves any function in the case. Therefore, in an amended complaint, as in an

15   original complaint, each claim and the involvement of each defendant must be

16   sufficiently alleged. The amended complaint should be clearly and boldly titled "First

17   Amended Complaint," refer to the appropriate case number, and be an original signed

18   under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

19   8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

20   right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations

21   omitted).

22           Accordingly, it is HEREBY ORDERED that:

23           1.  The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and

24               (2) a copy of his complaint, filed October 26, 2015;

25           2.  Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim;

26           3.  Plaintiff shall file an amended complaint within thirty (30) days; and

27

28

7

1    4.  If Plaintiff fails to file an amended complaint in compliance with this order, the

2        Court will dismiss this action, with prejudice, for failure to state a claim and

3        failure to comply with a court order.

4

5    IT IS SO ORDERED.

6        Dated:    February 9, 2016            /s/ *Michael J. Seng*

7                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28