UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DEVONTE BERNARD HARRIS, | CASE NO. 1:15-cv-01629-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | **(ECF No. 14)** |
| I. VELO-LOPEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.) His second amended complaint ("SAC") is before the Court for screening.

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

All acts giving rise to this action occurred while Plaintiff was housed at California State Prison ("CSP") in Corcoran, California. Plaintiff names "Principal" B. Van Klaverin, Senior Librarian R. Rosenthal, Correctional Officer I. Velo-Lopez, Library Technician Assistant J. Guzman, Lieutenant F. Martinez, and R. Moser as Defendants.

This action arises out of Plaintiff's failure to timely appeal the judgment in an unrelated state court case. He argues that the Defendants denied him access to the law library and use of its computer search engines to determine the correct deadline for filing his appeal.

### A.     The State Court Case

In February 2010, Plaintiff filed a lawsuit in the Del Norte Superior Court ("the state court case") against staff members at Pelican Bay State Prison ("PBSP"), Harris v. Gardner, Case No. 10-1076, for, inter alia, interfering with Plaintiff's ability to conduct a private telephone call with his attorney. His lawsuit alleged "numerous causes of action regarding denial of privacy in his legal call with [his attorney], including eavesdropping on an attorney/client conversation under California Penal Code § 636(b)."

Plaintiff gives two dates for the state court judgment. He first contends that the state court entered judgment on October 27, 2010, but that neither the court clerk nor the defendants served a copy of it on him. He then claims that judgment was entered on June 1, 2011, after the state court granted defendants' motion for judgment on the pleadings. On receiving notice of this second judgment, Plaintiff filed an appeal on August 2, 2011. On October 3, 2011, Plaintiff's appeal was dismissed as untimely because only the October 2010 judgment was appealable, not the June 2011 judgment.

### B.     Physical Access to the Law Library

On January 21, 2011, Plaintiff used the CSP law library as a Priority Legal User ("PLU"), i.e., an inmate with verifiable legal deadline within thirty days. During this session, Defendant Velo-Lopez charged Plaintiff with disciplinary misconduct (a serious rule violation) and terminated his library session. This charge also resulted in a 30-day suspension of PLU status.

Within the 30-day suspension period, Plaintiff requested PLU access three times and was denied each time by Defendant Guzman. Plaintiff also requested three blank PLU forms, but none were provided..

Following the 30-day suspension period, Guzman granted Plaintiff PLU status on February 25. Successively-granted PLU requests maintained Plaintiff's PLU status up through May 18. Although Plaintiff was granted PLU status, Guzman denied him physical access to the law library for 90 days; Plaintiff was only allowed to use the prison's paging system. Plaintiff contends this denial was without authorization.

On March 14, Velo-Lopez and Guzman "manipulated" Defendant Martinez into formally authorizing the denial of physical access under the pretext that the serious rule violation had been referred to the district attorney for prosecution. On March 25, the district attorney informed CSP that Plaintiff would not be prosecuted for the serious rule violation.

On April 21, Plaintiff was found guilty of the January 21 serious rule violation. He was able to physically access the law library once again on April 28.

Plaintiff filed a grievance on March 24 regarding the denial of physical access to the law library. Plaintiff's appeal was ultimately denied on April 25 by Defendants Rosenthal, Mosef and Van Klaverin.

**IV.   Analysis**

Prisoners have a constitutional right to meaningful access to the courts. Silva v. DiVittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts protects prisoners' right to file civil actions that have "a reasonable basis in law or fact" without "active interference" by the government. Id. at 1102-03 (internal quotation marks and emphasis omitted). The right of access to the courts "does not require prison officials to provide affirmative assistance in the preparation of legal papers," but does prohibit states from "erecting barriers that impede the right of access of incarcerated persons," such as by depriving prisoners of the "tools necessary to challenge their sentences or conditions of confinement." Id. at 1102-03 (internal brackets and quotation marks omitted). Therefore, the Supreme Court has held that prison authorities must

provide prisoners with "adequate law libraries" to enable them to pursue their claims. Bounds v. Smith, 430 U.S. 817, 828 (1977).

To state a claim for denial of access to the courts, prisoners must allege an actual injury, i.e., that some official action has frustrated or is impeding plaintiff's attempt to bring a nonfrivolous legal claim. Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Specifically, in a "backward-looking" access to the courts action,[1] a plaintiff must describe (1) a nonfrivolous underlying claim that was allegedly compromised "to show that the 'arguable' nature of the claim is more than hope"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. Christopher v. Harbury, 536 U.S. 403, 416 (2002).

Plaintiff accuses the Defendants of interfering with his ability to physically access the law library, thereby preventing him from determining the correct appeal filing deadline in his state court case. He claims that as a result, he missed an opportunity to challenge the dismissal of a non-frivolous access-to-court claim asserting lack of privacy in a phone call with his attorney. Court records, however, reveal that Plaintiff asserted this claim against the PBSP defendants in the Northern District of California, where judgment was entered on the merits for the defendants on November 12, 2010. Harris v. Gardner, 3:09-cv-4037 RS PS (N.D. Cal.). Since Plaintiff was not hindered in his efforts to bring an access-to-court claim against those defendants, he has not suffered actual injury and therefore fails to state a claim.

---

[1] The Supreme Court distinguishes between "forward-looking" access to the courts claims, in which the plaintiff alleges that official action is frustrating plaintiff's ability to prepare and file a suit at the present time, and "backward-looking" claims, in which plaintiff alleges that due to official action, a specific case cannot now be tried, or be tried with all material evidence. In a backward-looking claim, plaintiff must allege facts showing that the official action resulted in the "loss of an opportunity to sue" or the "loss or inadequate settlement of a meritorious case." Christopher v. Harbury, 536 U.S. 403, 413-14 (2002).

**V.     Conclusion**

Plaintiff's Second Amended Complaint fails to state a cognizable claim. Any further leave to amend reasonably appears futile and will be denied. Accordingly, it is HEREBY ORDERED that this action is dismissed with prejudice.

IT IS SO ORDERED.

Dated:  October 11, 2016             /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE